UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF MICHIGAN

SOUTHERN DIVISION

_____

CARA LYNNE MORRIS,

        Plaintiff,                No. _____

v.                                           Hon. _____
                                           U.S. District Judge

JOHN D. BRADSHAW, P.C., and,
JOHN D. BRADSHAW,

        Defendants.

_____/

**COMPLAINT and JURY DEMAND**

**I.**    **Introduction**

      1.    Plaintiff brings this Complaint against defendants John D. Bradshaw, P.C., and John D. Bradshaw seeking damages to redress the defendants' violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692, *et seq.,* a federal law that prohibits debt collectors from engaging in abusive, deceptive, or unfair practices, and the Michigan Regulation of Collection Practices Act ("MRCPA"), M.C.L. § 445.251, *et seq.,* an alike statute.  In this case, Kalamazoo Anesthesiology, P.C., a creditor of the plaintiff, hired defendant John D. Bradshaw, P.C., a law firm, to file suit to collect a consumer debt.  The defendant law firm violated the FDCPA and MRCPA by

1

mischaracterizing the debt as "liquidated" and then improperly applying interest to the debt for that period between the date the debt was incurred and the date the collection suit was filed.  A default money judgment was entered in that law suit and it included the interest improperly claimed.

**II.     Jurisdiction and Venue**

2.     This Court has jurisdiction according to 15 U.S.C. §1692k(d) and 28 U.S.C. §1331.  Declaratory relief is available pursuant to 28 U.S.C. §2201 and §2202.  The Court has supplemental jurisdiction over plaintiff's state claim pursuant to 28 U.S.C. §1367.

3.     Venue is appropriate in this judicial district for the reasons that the defendants transact business here, the pertinent events took place here, and the plaintiff resides here.

**III.    Parties and Relevant Actors**

4.     Plaintiff Cara Lynne Morris (hereafter "Ms. Morris" or "Morris") is a natural person residing in Kalamazoo, Michigan, and was, as alleged by each of the defendants, obligated to pay the debt described below.  Ms. Morris is, therefore, a "consumer" and "person" as those terms are defined and used in the FDCPA.  Ms. Moore is likewise a "consumer", "debtor", and "person" as those terms are defined and used in the MRCPA.

5.     Defendant John D. Bradshaw, P.C. (hereafter "Bradshaw, P.C."), is a Michigan professional service corporation registered with the Michigan Department of Licensing and Regulatory Affairs (LARA) and assigned LARA Identification No.

404136.  Bradshaw, P.C.'s address is, purportedly, 107 West Michigan, 6th Floor, Kalamazoo, Michigan 49007.  The registered agent for Bradshaw, P.C., is John D. Bradshaw and the foregoing address is Bradshaw, P.C.'s, registered office address. Bradshaw, P.C.'s primary business is debt collection.  Bradshaw, P.C., is an entity that regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and uses the mails and interstate commerce in its activities, thus affecting interstate commerce.  At all times relevant hereto, as represented on its website (johndbradshawpc.com) Bradshaw, P.C., states that its "Practice Areas" include "Consumer Collections".  Bradshaw, P.C., invites visitors to its website to "Refer a Collection Matter".  Visitors to that website are also informed that, "Ultimately, we reduce your 'cost of collection' by eliminating the middle man: the collection agency."  Visitors to that website are also told that, "If the Debtor is determined not to pay voluntarily, we will file a lawsuit seeking judgment for the principle (sic) amount owed plus statutory or contract interest, advanced costs and statutory attorney's fees." Defendant Bradshaw, P.C., is a "debt collector" as the term is defined and used in the FDCPA.  Defendant Bradshaw, P.C., is a "regulated person" as the term is defined and used in the MRCPA.

      6.     Defendant John D. Bradshaw (hereafter "Bradshaw") is the incorporator of defendant Bradshaw, P.C., and is a member, manager and owner of that defendant.

      7.     Defendant Bradshaw is an individual purportedly residing in Michigan. Defendant Bradshaw is licensed (No. P-39813) by the State Bar of Michigan to practice law in Michigan.  Defendant Bradshaw regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and uses the

...

mails and interstate commerce in such activities and his activities thus affect interstate commerce.  Defendant Bradshaw is a "debt collector" as the term is defined and used in the FDCPA.  Defendant Bradshaw is a "regulated person" as the term is defined and used in the MRCPA.

8. Defendant Bradshaw helped create and approved, implemented and ratified the practices described below.

9. During all times pertinent hereto, defendant Bradshaw directly and indirectly participated in the efforts to collect the consumer debt described below.

10. A shareholder, owner, officer, member, manager, employee or agent of a corporate debt collector can be held liable for violating the FDCPA without piercing the corporate veil, by being directly involved in the day-to-day operation of the company, including the training and managing of employees, reviewing or supervising collection activities, overseeing compliance with applicable collection laws, ratifying unlawful acts, and the like, for the reason that each such individual is himself a "debt collector" within the statutory definition, namely, each is a "person" in a business, "the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. §1692a(6).  See, *Kistner v. Law Offices of Michael P. Margelefsky*, *LLC,* 518 F.3d 433, 435-38 (6th Cir. 2008); *Russell v. Goldman Roth Acquisitions*, *LLC*, 847 F.Supp. 2nd 994, 1004-06 (W.D.Mich. 2012).

11. Kalamazoo Anesthesiology, P.C., (hereafter "Kalamazoo Anesthesiology") is a Michigan professional service corporation with an office in Kalamazoo, Michigan.

**IV.     Facts**

12.     Attached hereto, made a part hereof, and labeled Exhibit A is a copy of the Summons and Complaint filed on or about February 23, 2016, by defendants Bradshaw, P.C., and Bradshaw in the State of Michigan, 8th Judicial District Court for Kalamazoo County, in the matter titled *Kalamazoo Anesthesiology v. Cara Morris,* 8th Judicial District Court No. 16-01782-GC (hereafter the "state collection case" or similar).

13.     Defendant Bradshaw, P.C., is identified as Plaintiff's Attorney therein.

14.     Defendant Bradshaw's signature appears upon each page of Exhibit A.

15.     According to the allegations made by the defendants in Exhibit A, at some time prior to January 14, 2016, Kalamazoo Anesthesiology rendered services to the plaintiff. (Exhibit A, p.2, ¶ 3)

16.     The transaction involving the purchase of the services referred to in Exhibit A was primarily for personal, family or household purposes for the reason that it was for anesthesiology for a surgical procedure performed upon Ms. Morris.

17.     Any resulting obligation of the plaintiff to pay money on the foregoing account was a "debt" as the term is defined and used in the FDCPA and MRCPA.

18.     According to the defendants, Ms. Morris did not pay upon the account and the account went into default. (Exhibit A, p.2, ¶ 6)

19.     The account was placed with the defendants after it went into default. (Ibid.)

20.     The defendants alleged in Exhibit A the following:

> 7.     That the amount due Plaintiff is a *liquidated amount* and *Plaintiff is entitled to 5% pre-filing interest* from the date of service pursuant to MCL 438.31, and that the pre-filing interest due to date is

$64.38 for total damages to date of $1108.38

(Exhibit A, p.2, ¶ 7) (italics supplied)

21. The Michigan statute cited in the immediately preceding paragraph, and to which the defendants claimed to be entitled to interest states the following:

> **§ 438.31. Legal interest rate; scope; limitation; construction; foreign obligations.**
>
> The interest of money shall be at the rate of $5.00 upon $100.00 for a year, and at the same rate for a greater or less sum, and for a longer or shorter time, except that in all cases it shall be lawful for the parties to stipulate in writing for the payment of any rate of interest, not exceeding 7% per annum. This act shall not apply to the rate of interest on any note, bond or other evidence of indebtedness issued by any corporation, association or person, the issue and rate of interest of which have been expressly authorized by the public service commission or the securities bureau of the department of commerce, or is regulated by any other law of this state, or of the United States, nor shall it apply to any time price differential which may be charged upon sales of goods or services on credit. This act shall not be construed to repeal section 78 of Act No. 327 of the Public Acts of 1931, as amended, being section 450.78 of the Compiled Laws of 1948. This act shall not render unlawful, the purchase of any note, bond or other evidence of indebtedness theretofore issued by any borrower not then domiciled in this state, which bear any rate of interest which is lawful under the law of the domicile of the borrower at the date of issue thereof, and in such case any such rate of interest may be charged and received by any person, firm, corporation or association in this state.

M.C.L. § 438.31

22. The amount due in the debt collection suit brought by the defendants against Ms. Morris was not a "liquidated amount".

23. Black's Law Dictionary (4th ed.), p.1079, defines liquidated as '[ascertained]; determined; fixed; settled; made clear or manifest. *McKee v. Department of Social Services*, 424 Mich. 404, 449, 381 N.W.2d 679, 700 (1985),

Ryan, J., dissenting.

24. The Michigan Court of Appeals has provided further guidance in determining whether a claim is liquidated:

> Liquidated is defined as:
> Ascertained; determined; fixed; settled; made clear or manifest. Cleared away; paid; discharged. Adjusted, certain, or settled . . . . Made certain or fixed by agreement of parties or by operation of law. [Black's Law Dictionary (5th ed) at 838. Citations omitted.]
> Unliquidated is defined as:
> Not ascertained in amount; not determined; remaining unassessed or unsettled, as unliquidated damages . . . . [Id. at 1378. Citation omitted.]

*Attorney Gen. v. Blue Cross & Blue Shield*, 168 Mich. App. 372, 377, 424 N.W.2d 54, 56 (1988).

25. The plaintiff and the defendants' client-creditor, Kalamazoo Anesthesiology, executed no written contract regarding the debt that the defendants sought to collect.

26. There was, between the plaintiff and the defendants' creditor-client, no express agreement to pay interest incidental to the debt the defendants attempted to collect in the state court collection action.

27. Michigan statute makes clear the circumstances in which interest may be assessed in Judgments:

> § 438.7. Interest on verdicts.
>
> In all actions founded on contracts express or implied, whenever in the execution thereof any amount in money shall be liquidated or ascertained in favor of either party, by verdict, report of referees, award of arbitrators, or by assessment made by the clerk of the court, or by any other mode of assessment according to law, *it shall be lawful*, unless such verdict, report, award, or assessment shall be set aside, *to allow and receive interest upon such amount so ascertained or liquidated*, until payment thereof or until judgment shall be

> thereupon rendered; and in making up and recording such judgment, *the interest on such amount shall be added thereto, and included in the judgment.*

M.C.L. § 438.7

28. In this matter, the defendants claimed that their client-creditor was entitled to, in their words, "pre-filing interest", that is, interest before any determination had been made that their claim had been liquidated as described in the foregoing statute.

29. Ms. Morris did not respond to the Summons and Complaint in the state court collection case and on or about May 23, 2016, the defendants requested the entry of her default, as well as a default judgment by way of their Default Request, Affidavit, Entry, and Judgment (Sum Certain), signed by defendant Bradshaw, and attached hereto, made a part hereof and labeled Exhibit B.

30. In their Default Request (Exhibit B, ¶ 2) the defendants requested damages ($1108.38) that included the pre-filing interest in the identical amount they had previously claimed in the Summons and Complaint (Exhibit A, p.2, ¶ 7).

31. On or about May 25, 2016, Default Judgment was granted the defendants' client-creditor in the amount of $1273.87, which sum included the defendants claim for pre-filing interest described throughout this Complaint.

32. Between the time of the entry of the Default Judgment, Exhibit B, and the filing of this Complaint, Ms. Morris has made partial payment upon the Default Judgment, Exhibit B, entered in the 8th District Court.

33. The defendants continue to pursue the collection lawsuit against Ms. Morris and, likewise, continue to assert their entitlement to pre-filing interest by way

8

of the unsatisfied Default Judgment against Ms. Morris that exists in favor of the defendants' client-creditor and against Ms. Morris in the 8th District Court.

34. Defendants Bradshaw, P.C., and Bradshaw regularly file debt collection lawsuits against consumers for and on behalf of their client-creditor Kalamazoo Anesthesiology in the various Michigan District Courts and include similar claims for pre-filing interest as described in this Complaint.

35. As an actual, direct and proximate result of defendants' acts and omissions, the plaintiff has suffered actual damages and injuries, including, but not limited to, the entry of a Judgment of the 8th District Court against her in an amount in excess of that for which she would be legally responsible, financial loss, stress, embarrassment, and suffering, as well as additional costs and expenses for which she should be compensated through trial by jury.

## V    Fair Debt Collection Practices Act Violations

36. The Fair Debt Collection Practices Act is a consumer protection statute that imposes open-ended prohibitions on false, deceptive, or unfair debt collection practices.

37. The defendants used false, deceptive and misleading representations in connection with the collection of the above debt in the 8th District Court when they claimed that their client-creditor was entitled to pre-filing interest as described in the Summons and Complaint (Exhibit A) and included the claim for entitlement to same in their Application or Default Entry (Exhibit B), which amount of interest was included in the defendants' calculations and ultimately awarded against Ms. Morris in the Default Judgment portion of Exhibit B, all in violation of 15 U.S.C. §1692e.

38. The defendants made material false representations in the collection of the debt in the 8th District Court as to the character of the debt ("liquidated"), the amount of the debt (that a portion of it included pre-filing "interest due to date $64.38"), and the legal status of the debt (implying that the debt was one that had been ascertained or liquidated pursuant to M.C.L. § 438.7 to allow pre-filing interest to be included in the Default Judgment) all in violation of 15 U.S.C. §1692e(2)(A).

39. The defendants used a false representation and deceptive means in the collection of the debt in the 8th District Court when they misrepresented entitlement to pre-filing interest and by Affidavit sought the inclusion of inappropriate pre-filing interest to which their client-creditor was not entitled in the Default Judgment, Exhibit B, in violation of 15 U.S.C. §1692e(10).

40. The defendants used unfair and unconscionable means to attempt to collect the debt in the 8th District Court when they claimed pre-filing interest as described above, and included it in the Default Judgment, Exhibit B, as described above, where that interest was not expressly authorized by the agreement creating the debt or authorized by law in violation of 15 U.S.C. § 1692f(1).

**VI      Michigan Regulation of Collection Practices Act Violations**

41. The Michigan Collection Practices Act states that it is unlawful for a regulated person to make an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt.  M.C.L. § 445.252(e).

42. The MRCPA states that it is unlawful for a regulated person to misrepresent in a communication with a debtor the legal status of a legal action being taken or threatened or the legal rights of a creditor or debtor.  M.C.L. § 445.252(f)(I) and (ii).

43. The defendants violated M.C.L. § 445.252(e), (f)(I) and (ii) through their claims for pre-filing interest as set forth above.

**VII**  **Claims for Relief**

### Count 1 - Fair Debt Collection Practices Act

44. The plaintiff incorporates the foregoing paragraphs by reference.

45. Each defendant violated the FDCPA as set forth above and the plaintiff was injured thereby.

**Wherefore,** the plaintiff requests the following:

  a) Actual damages pursuant to 15 U.S.C. § 1692k;

  b) Statutory damages pursuant to 15 U.S.C. § 1692k;

  c) Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k;

  d) A declaration that the practices of the defendants and each of them, violate the FDCPA in the manner described above; and,

  e) Such other and further relief as the Court deems just and proper.

### Count 2 - Michigan Regulation of Collection Practices Act

46. The plaintiff incorporates the foregoing paragraphs by reference.

47. Each defendant violated the MRCPA as set forth above and those methods, acts, and practices were wilful violations committed in heedless disregard of Michigan law (for example, continuing to maintain a the Judgment, Exhibit B, against Ms. Morris, and the repeated, pervasive violations as described herein occurring in others of the defendants collection actions) and the plaintiff was injured thereby.

**Wherefore,** the plaintiff requests the following:

a) Actual damages, trebled pursuant to M.C.L. § 445.257;

b) Statutory damages, trebled pursuant to M.C.L. § 445.257;

c) Injunctive relief;

d) Declaratory relief;

e) Reasonable attorney's fees and court costs pursuant to M.C.L. § 445.257; and,

f) Such other and further relief as the Court deems just and proper.

### Demand for Trial by Jury

Plaintiff demands trial by jury upon all issues so triable.

Dated: February 22, 2017                    /s/ Anthony J. Valentine
                                                        Anthony J. Valentine
Attorney at Law
Attorney for Plaintiff
Ste. 227, 29 Pearl Street, N.W.
Grand Rapids, MI 49503
(616) 288-5410
*tonyvalentinelaw@gmail.com*